UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS



United States Courts
Southern District of Texas
FILED

AUG 18 2016

David J. Bradley, Clerk of Court

| | |
|---|---|
| DESIGN TECH HOMES, LTD., § | |
|     PLAINTIFF, § | |
| v. § | CIVIL ACTION NO. 4:16cv2537 |
| § | |
| MARIA ARACELI JASSO AND § | |
| LARRY N. ROGERS, § | |
|     DEFENDANTS. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. PARTIES

1. Plaintiff, DESIGN TECH HOMES, LTD. ("Plaintiff"), is a Texas limited partnership doing business in Spring, Harris County, Texas.

2. Defendant, MARIA ARACELI JASSO ("Defendant") is an individual residing at 5840 Honea Egypt Road, Montgomery, Montgomery County, Texas 77316.

3. Defendant, LARRY N. ROGERS ("Defendant") is an individual residing at 12606 Sleepy Hollow, Montgomery, Montgomery County, Texas 77356.

### B. JURISICTION

4. The Court has jurisdiction over this lawsuit under *28 U.S.C. §1338* because the suit arises from violations of the COPYRIGHT LAWS OF THE UNITED STATES AND ARCHITECTURAL WORKS COPYRIGHT PROTECTION ACT OF 1990. The facts and circumstances under which this claim arises occurred within the geographic bounders of the Southern District of Texas.

### C. VENUE

5. Venue is proper in this District under *28 U.S.C. §1400(a)* because both Defendants reside or may be found in this District.

## D. CONDITIONS PRECEDENT

6. All conditions precedent have been performed or occurred.

## E. FACTS

7. Plaintiff, a Texas limited partnership created an original Architectural Plan entitled "Ashby Manor D Elevation Base Plan" as of December 12, 2012.

8. Plaintiff created an original Architectural Plan entitled "Base Plan" dated effective December 24, 2014.

9. On or about December 6, 2014, Plaintiff and Defendant executed that certain Construction Agreement for the construction by Plaintiff of the Model No. Ashby Manor described as " Jasso Plan" (the "Construction Agreement").

10. Paragraph 7. J. of the Construction Agreement contains a specific provision regarding the ownership of Plans and Specifications in Subsection (2), which states as follows:

> If Owner has not furnished the Plans to Contractor, then the Plans and other documents furnished by Contractor are instruments of service and shall not become the property of Owner. Owner does not have, and shall not in future acquire, either ownership of the Plans or the right to use the Plans or to allow their use by any third party and Contractor may use the Plans (or derivations or portions of the Plans) to construct other homes without limitation or restriction. Owner acknowledges that, even though Owner may pay Contractor for the Plans, the Plans are unique to Contractor and are (and shall always remain) the property of Contractor. If Owner does not, for whatever reason, proceed with construction of the Improvements Owner shall return to Contractor all construction drawings, elevations, floor plans, specifications and other depictions of the Improvements and any other product of Contractor. Owner shall also return to Contractor all copies of such documents. Owner shall, under no circumstance, allow the use of, or provide, any such Plans to any third person as Owner acknowledges and agrees that all such Plans are copyrighted by Contractor. Submission or distribution of documents to meet or to comply with Government Regulations or for other purposes in connection with the Work shall not be construed as a waiver of Contractor's ownership rights in the Plans and

2

Specifications. Any use of the Plans by Owner for any purpose other than as described in this Contract is strictly prohibited and Owner agrees to indemnify and hold Contractor harmless from any claims, demands, losses, expenses, causes of action, court costs or attorney's fees arising out of Owner's wrongful use of the Plans.

11. Subsequent to signing the Construction Agreement, Plaintiff and Defendant also executed a Design Services Contract. The Design Services Contract contains a paragraph disclosing Plaintiff's ownership of the Architectural Plan.

12. Subsequent to the date of the Construction Agreement, representatives of Plaintiff and Defendants had meetings on various occasions to discuss changes to the Base Plan. As a result of those meetings, Plaintiff created the Jasso Plan. On or about June 1, 2015, Defendant terminated the Construction Agreement.

13. Prior to Defendant's termination of the Construction Agreement, Defendant met with representations of Plaintiff, at which time, Plaintiff brought to the meeting a copy of an Architectural Plan prepared by Defendant, LARRY N. ROGERS (the "Rogers Plan").

14. Except for the addition of an exercise room and an office, the Rogers Plan is a substantially similar to the Jasso Plan, constituting an improper appropriation of the protected copyrighted plan owned by Plaintiff.

15. Since the date of the creation of the Jasso Plan and the Base Plan, Plaintiff has been the sole owner of all rights, title and interest in and to such Plans.

16. Each of the Jasso Plan and Base Plan bears a notice and disclosure that states as follows:

> "This Plan is protected under the FEDERAL COPYRIGHT ACT by Design Tech Homes, LLP. The use or reproduction of this Plan may be an infringement of FEDERAL COPYRIGHT ACT."

3

17. Plaintiff has submitted to the United States Copyright Office its application to register the Jasso Plan and the Base Plan. Such applications were submitted on or about February 15, 2016 and the check for payment of the application fee cleared the account of counsel for Plaintiff on April 1, 2016.

### F. COUNT 1 – BREACH OF CONTRACT

18. Defendant has breached the Construction Agreement and specifically the provision set forth above in Paragraph 10.

19. Defendant has breached the Design Services Contract.

### G. COUNT 2 – COPYRIGHT INFRINGEMENT BY JASSO

20. Plaintiff has complied in all respects with the COPYRIGHT LAWS OF THE UNITED STATES AND ARCHITECTURAL WORKS COPYRIGHT PROTECTION ACT OF 1990 and with all other laws governing copyrights.

21. Plaintiff's Base Plan is copyrightable subject matter under the laws of the United States.

22. Plaintiff's Jasso Plan is copyrightable such matter under the laws of the United States.

23. Defendant, JASSO infringed on Plaintiff's copyright by substantially copying from Plaintiff's Jasso Plan and Plaintiff's Base Plan.

24. Defendant JASSO published the Architectural Plan by causing a home to be constructed using the Jasso Plan and that home currently exists at 5840 Honea Egypt Road, Montgomery, Montgomery County, Texas.

25. Plaintiff notified Defendant, JASSO that Defendant, JASSO had infringed Plaintiff's copyright but Defendant, JASSO has continued to infringe the copyright.

## H. COUNT 3 – COPYRIGHT INFRINGEMENT BY DEFENDANT ROGERS

26. Plaintiff has complied in all respects with the COPYRIGHT LAWS OF THE UNITED STATES AND ARCHITECTURAL WORKS COPYRIGHT PROTECTION ACT OF 1990 and with all other laws governing copyrights.

27. Plaintiff's Base Plan is copyrightable subject matter under the laws of the United States.

28. Plaintiff's Jasso Plan is copyrightable subject matter under the laws of the United States.

29. Defendant, ROGERS infringed on Plaintiff's copyright by substantially copying from Plaintiff's Jasso Plan and Plaintiff's Base Plan.

30. Defendant, ROGERS, in concert with Defendant JASSO published the Architectural Plan by causing a home to be constructed using this Plan and that home currently exists at 5840 Honea Egypt Road, Montgomery, Montgomery County, Texas.

31. Plaintiff notified Defendant, ROGERS that Defendants, ROGERS and JASSO had infringed Plaintiff's copyright.

32. Defendant, ROGERS infringed upon Plaintiff's copyright by creating and publishing the Rogers Plan which Defendant, ROGERS had reason to know or should have known or was in reckless disregard of the knowledge that Plaintiff owned copyright of own material.

## I. DAMAGES

33. As a direct and proximate result of the conduct of the Defendant, JASSO and Defendant, ROGERS, Plaintiff has suffered the following damages:

    a) Actual Damages; and

  b) Loss Profits.

34. Plaintiff is entitled to an award of attorney's fees and court costs under *§17 U.S.C §505* as prevailing party.

## J. PRAYER

35. For these reasons, Plaintiff asks for Judgment against Defendant, JASSO and Defendant, ROGERS for the following:

  a) Defendant, JASSO and Defendant, ROGERS pay Plaintiff an amount of $150,000.00 for actual damages;

  b) Defendant, ROGERS pay Plaintiff an amount equal to the amount paid to Defendant, ROGERS for preparation of the Rogers Plan;

  c) Defendants, JASSO and ROGERS pay Plaintiff pre-judgment and post-judgment interest as authorized by law; and

  d) Defendant, JASSO and Defendant, ROGERS pay Plaintiff reasonable and necessary attorney's fees and court costs.

35. Plaintiff has all other relief the Court deems appropriate.

      Respectfully submitted,

      JOHN R. KRUGH, P.C.

      By: _____
      John R. Krugh
      Federal ID No. 4570
      1800 Bering, Suite 350
      Houston, Texas 77057-3170
      Email: john@krughlaw.com
      Telephone: 713-255-0266
      Fax: 713-583-5499

**ATTORNEY FOR PLAINTIFF,**
**DESIGN TECH HOMES, LTD.**